going towards her port, continued to come straight on, and that the Drew blew no whistles, except the answering two above mentioned, and the accident was caused solely by the negligence of the captain of the Gallison in steering contrary to his signal.

[1] I have carefully considered all the testimony, and I believe that the Gallison is solely responsible for the accident. From Exhibit 4, a chart in evidence, it is apparent that the collision occurred by the Gallison running bow on into the Drew as the latter was passing the lower point of Erie Basin. The Gallison had ample water on her port side, and, if she had followed the signals admittedly given by her, no collision would have occurred. Instead of this, she maintained a straight course, absolutely misleading the Drew, and I do not believe that the Drew ever blew a whistle after the exchange of signals aforesaid; also the position of the tugs at the exact time of the collision indicates that this is the proper solution of the question.

[2] The fact that a deck hand was at the wheel of the Drew is sufficient to cause a very careful scrutiny of his testimony and that of the other witnesses on the Drew, and if there were other facts tending to indicate fault on the part of the Drew the employment of such a man at the wheel would be sufficient to cast a doubt upon the whole case of the Drew. Where, however, there is no evidence to indicate that the lack of qualifications itself contributed to the accident, but simply existed as an independent fact, indicating simply a violation of statutory requirement, then, as was said in The Wrestler, 144 F. 334, 75 C. C. A. 296, this alone should not be enough to condemn the vessel which he was steering.

One of the faults attributed to this unlicensed steersman was that he blew a confusing whistle. I do not believe that he did so. It is undisputed that he properly answered the signal of the Gallison.

The other fault claimed is that he steered incorrectly; but, in view of all the facts, which must include the position of the boats before and at the time of the collision, the plain failure of the Gallison to take advantage of the open water on her port side, in view of her signal, and the indication by the captain of the Gallison on the chart in evidence as to where and how the accident occurred, and other similar facts, this claim of improper steering is found to really rest on the assumption that this deck hand must have steered incorrectly simply because he was a deck hand.

It appears from the evidence that this man had steered on other occasions, and that he was a seaman of nine or ten years' experience in New York Harbor. While, of course, the employment of unlicensed men at the wheel is to be condemned, such employment is in itself insufficient to prove that the tug was steered improperly.

Accordingly I direct that the libel against the Drew be dismissed, and a decree be entered against the Gallison.

---

Reliable Towing & Transportation Company, Inc., Libelant-Appellant, v. Steam Tug ALICE DREW, Her Engines, etc.; Red Hook Towing Company, Inc., Claimant-Appellee.

Red Hook Towing Company, Inc., Libelant-Appellee, v. Steam Tug WILLIAM H. GALLISON, Her Engines, etc.; Reliable Towing & Transportation Company, Inc., Claimant-Appellant.

(Circuit Court of Appeals, Second Circuit. March 1, 1926.)

Nos. 226, 227.

Appeals from the District Court of the United States for the Eastern District of New York.

Walter B. Hall, of New York City, for appellant.

Foley & Martin, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree, 11 F.(2d) 376, affirmed.

---

NAAMLOOZE VENNOOTSCHAP MAATSCHAPPIJ STOOMSCHIP BARENDRECHT (Barendrecht Steamship Company, Limited) v. MORAN TOWING & TRANSPORTATION CO. THE BARENDRECHT. THE CATHERINE MORAN. NAAMLOOZE VENNOOTSCHAP MAATSCHAPPIJ STOOMSCHIP BARENDRECHT v. UNITED STATES.

(District Court, S. D. New York. November 19, 1925.)

United States ⬥110—United States, seeking to recover damages to dredge, held liable for interest, on finding against it on cross-libel.

United States, seeking, in libel against steamship, to recover damages to dredge from collision, with interest, on finding against it on cross-libel, held chargeable with interest.